UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In Re Subpoena* in )<br>)<br>UNITED STATES OF AMERICA )<br>c/o United States Attorney )<br>555 4th Street, N.W. )<br>Washington, DC 20530 )<br>)<br>v. )<br>)<br>Terrence Gladdin )<br>c/o Pat Cresta-Savage )<br>Attorney at Law )<br>503 D Street N.W. )<br>Washington DC 20001 )<br>)<br>Defendant. )<br>) | Misc. Action No. |

**NOTICE OF REMOVAL OF SUBPOENA**

The United States Attorney, through the undersigned attorneys and on behalf of Glenda Lee, an employee of the Court Services and Offender Supervision Agency ("CSOSA") or ("Agency"), respectfully files this Notice Of Removal Of Subpoena pursuant to 28 U.S.C. §§ 1442(a)(1), 1446. In support of this Notice, the Agency states as follows:

1. On April 8, 2008, counsel for Terrence Gladdin served CSOSA with a subpoena that has a return date of April 9, 2008. The subpoena requests the appearance and testimony of Ms. Lee, a Community Supervision Officer for CSOSA, at the Superior Court for the District of Columbia in the matter of *United States v. Terrence Gladdin*, Case No. 2007-CF2-2762. It is presumed that Mr. Gladdin seeks testimony from Ms. Lee about matters arising in the scope of her federal employment or about information she learned during the course and scope of such employment.

2. A copy of the subpoena is attached hereto.

3. CSOSA, on Ms. Lee's behalf, intends to move to quash the subpoena upon the removal of this action based on applicable federal law, absent some mutually satisfactory arrangement with Mr. Gladdin's counsel to the contrary. *See* 4/8/08 Letter from A. Elkins, General Counsel for COSA, to P. Cresta-Savage (attached hereto).

WHEREFORE, this action is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1), 1446. *See also Houston Business Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995). The underlying criminal case is not being removed and shall remain in the District of Columbia Superior Court.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, DC Bar #485145
Assistant United States Attorney

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>c/o United States Attorney )<br>555 4th Street, N.W. )<br>Washington, DC 20530 )<br>  )<br>v. )<br>  )<br>Terrence Gladdin )<br>c/o Pat Cresta-Savage )<br>Attorney at Law )<br>503 D Street N.W. )<br>Washington DC 20001 )<br>  )<br>Defendant. )<br>  ) | Crim. A. No. 2007-CF2-2762 |

**NOTICE OF FILING OF NOTICE OF REMOVAL OF SUBPOENA**

PLEASE TAKE NOTE that on April 9, 2008, the United States Attorney for the District of Columbia filed with the clerk of the United States District Court for the District of Columbia a Notice Of Removal Of Subpoena in the above captioned matter, pursuant to 28 U.S.C. §§ 1442(a)(1), 1446.  The Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded."  *See* 28 U.S.C. § 1446(d).  A copy of the Notice Of Removal Of Subpoena (with attachment) is attached hereto.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/

HARRY B. ROBACK, DC Bar #485145
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on this 9th day of April, 2008, service of the foregoing Notice Of Removal Of Subpoena and Notice Of filing Notice Of Removal has been made by mailing copies thereof to:

Pat Cresta-Savage
Attorney at Law
503 D Street N.W.
Washington DC 20001

 

_____
Harry B. Roback
Assistant United States Attorney

"N'forma Parker"

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

UNITED STATES
DISTRICT OF COLUMBIA

Case No. 2007 CF2 12762

vs.

Terrence Gladdin

To: Glenda Lee
1408 Good Hope Rd SE

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division room/courtroom __312__ of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the __9th__ day of __April__, 20__08__, at __9:30__ a.m./p.m. as a witness for __Defendant__

☐ and bring with you _____

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this ___ day of _____, 20 ___.

Officer in Charge _____ District _____

Pat Cresta-Savage     443-534 7500
Attorney for Government/Defendant

Phone No. (202) 393-1666

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

Date _____   Judge _____

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:**

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

Name and Title of Individual Served: Glenda Lee

Address (if different than shown above): 1418 Good Hope Rd SE

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

Date(s) of Endeavor: _____

Date and Time of Service: _____

REMARKS:

Signature of Title of Server: John R. Giles



**Court Services and Offender Supervision Agency
for the District of Columbia**

*Office of the General Counsel*

April 8, 2008

**VIA FACSIMILE – 202/393-6266**

Pat Cresta-Savage, Esquire
503 D Street, N.W.
Suite #320
Washington, DC  20001

Re: <u>U.S. v. Terrence Gladdin, Case No. 2007 CF2-12762, D.C. Superior Court</u>

Dear Ms. Cresta-Savage:

This letter is in response to the subpoena you caused to be served today, April 8, 2008, on Glenda Lee, Community Supervision Officer with the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA) to appear as a witness to testify on behalf of your client, Terrence Gladdin, on April 9, 2008, in the Superior Court for the District of Columbia.

As a federal executive branch agency, CSOSA has issued *Touhy* regulations that advise the public of the procedures that it follows in response to demands for testimony or documents in matters in which CSOSA is not a party. In <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951), the United States Supreme Court recognized the authority of an agency regulation that required agency approval prior to the production of government information by any employee. Relying on that case, federal executive branch agencies now routinely publish *Touhy* regulations that set forth their procedures for responding to demands for testimony or documents.

The *Touhy* regulations, which appear at 28 C.F.R. § 802.24 *et seq.* and are attached hereto, require CSOSA's General Counsel to approve all demands for documents or testimony in order to ensure compliance with the Privacy Act, other disclosure statutes (*e.g.*, 42 C.F.R. Part 2, drug and alcohol treatment records; D.C. Official Code §§ 7-1201.01 *et seq.*, D.C. Mental Health Information Act; and D.C. Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality), and other applicable laws and regulations. Such approval must be provided prior to disclosure of any information sought by subpoena or other demand for the appearance of any person who is or was formerly an agency employee, or for the production of documents.

*633 Indiana Avenue, NW, Twelfth Floor, Washington, DC 20004
Voice: (202) 220-5355  Fax: (202) 220-5315*

The purposes underlying the regulations are clearly set forth in 28 C.F.R. 802.27 and include "conserv[ing] the time of the agency for conducting official business" and "protect[ing] confidential, sensitive information and the deliberative processes of the agency." In general, the regulations are meant to ensure that disclosure of agency information is done in compliance with applicable law and that agency personnel and resources are used wisely and in an efficient manner. In the District of Columbia, the failure to secure approval under the *Touhy* regulations may act as a bar to enforcement of a state court subpoena. See Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 & n. 4 (D.C. Cir. 1996) (in state tribunal, federal government shielded by sovereign immunity, preventing state court from enforcing a subpoena; only a federal court may entertain review of agency's decision to disallow testimony, generally limited to an abuse of discretion standard).

Thus, when the Agency is served with a subpoena, the reviewing office must gather the necessary information, coordinate with affected interests, and review applicable statutes and case law in order to make a determination on whether the agency should comply with the demand and, if so, under what conditions and circumstances.

In this instance, CSOSA would be unable to allow Ms. Lee to testify given consideration of all the relevant factors listed under 28 C.F.R. § 802.27(d)(1) & (2), unless you obtained the express written consent of Mr. Gladdin that is required for the release of testimony and/or the information you seek.[1] Until such time as we receive the written consent, we are unable to allow Ms. Lee to testify as to any matter protected by any of the statutes in question.

Please contact Damon Pace, Assistant General Counsel, at (202) 220-5354 to advise him how you intend to proceed relative to the provision of the proper written consent for the release of information.

Sincerely,

Arthur Elkins
General Counsel

Enclosure

---

[1] 28 C.F.R. 802.27(d) provides: "To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with: (1) The Privacy Act, 5 U.S.C. 522a; (2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*; (3) The Victims Rights Act, 42 U.S.C. 10606(b); (4) D.C. statutes and regulations; (5) Any other state or federal statute or regulation; (6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose; (7) Whether disclosure is appropriate under the relevant substantive law concerning privilege; (8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and (9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired."

**Court Services and Offender Supervision Agency** §802.25

(3) Disclosures of your record made with your written consent.

(b) The accounting will include:

(1) The date, nature, and purpose of the disclosure; and

(2) The name and address of the person or entity to whom the disclosure is made.

(c) You may request access to an accounting of disclosures of your record. Your request should be in accordance with the procedures in §802.14. You will be granted access to an accounting of the disclosures of your record in accordance with the procedures of this part which govern access to the related record, excepting disclosures made for an authorized civil or criminal law enforcement agency as provided by subsection (c)(3) of the Privacy Act. You will be required to provide reasonable identification.

§802.21 Appeals.

You may appeal a denial of a request for an accounting to the Office of the General Counsel in the same manner as a denial of a request for access to records (See §802.16) and the same procedures will be followed.

§802.22 Fees.

The Agency shall charge fees under the Privacy Act for duplication of records only. These fees shall be at the same rate the Agency charges for duplication fees under the Freedom of Information Act (See §802.10(l)(1)).

§802.23 Use and disclosure of social security numbers.

(a) *In general.* An individual shall not be denied any right, benefit, or privilege provided by law because of such individual's refusal to disclose his or her social security number.

(b) *Exceptions.* The provisions of paragraph (a) of this section do not apply with respect to:

(1) Any disclosure which is required by Federal statute, or

(2) The disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

(c) *Requests for disclosure of social security number.* If the Agency requests an individual to disclose his or her social security account number, we shall inform that individual whether:

(1) Disclosure is mandatory or voluntary.

(2) By what statutory or other authority such number is solicited, and

(3) What uses will be made of it.

**Subpart D—Subpoenas or Other Legal Demands for Testimony or the Production or Disclosure of Records or Other Information**

§802.24 Purpose and scope.

(a) These regulations state the procedures which the Court Services and Offender Supervision Agency ("CSOSA" or "Agency") and the District of Columbia Pretrial Services Agency ("PSA" or "Agency") follow in response to a demand from a Federal, state, or local administrative body for the production and disclosure of material in connection with a proceeding to which the Agency is not a party.

(b) These regulations do not apply to congressional requests. Neither do these regulations apply in the case of an employee making an appearance solely in his or her private capacity in judicial or administrative proceedings that do not relate to the Agency (such as cases arising out of traffic accidents, domestic relations, etc.).

(c) This part is not intended and does not create and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States or specifically CSOSA or PSA.

§802.25 Definitions.

*Demand* means a request, order, or subpoena for testimony or documents to use in a legal proceeding.

*Employee* includes a person employed in any capacity by CSOSA or PSA, currently or in the past; any person appointed by, or subject to the supervision, jurisdiction, or control of the head of the Agency, or any Agency official, currently or in the past. A person who is subject to the Agency's jurisdiction or control includes any person

741

who hired as a contractor by the agency, any person performing services for the agency under an agreement, and any consultant, contractor, or subcontractor of such person. A former employee is also considered an employee only when the matter about which the person would testify is one in which he or she was personally involved while at the Agency, or where the matter concerns official information that the employee acquired while working at the Agency, such as sensitive or confidential agency information.

*Legal Proceeding* includes any pretrial, trial, and post-trial state of any existing or reasonably anticipated judicial or administrative action, hearing, investigation, or similar proceeding before a court, commission, board, agency, or other tribunal, authority or entity, foreign or domestic. Legal proceeding also includes any deposition or other pretrial proceeding, including a formal or informal request for testimony made by an attorney or other person, or a request for documents gathered or drafted by an employee.

### § 802.26　Receipt of demand.

If, in connection with a proceeding to which the Agency is not a party, an employee receives a demand from a court or other authority for material contained in the Agency's files, any information relating to material contained in the Agency's files, or any information or material acquired by an employee as a part of the performance of that person's official duties or because of that person's official status, the employee must:

(a) Immediately notify the Office of the General Counsel and forward the demand to the General Counsel if the demand pertains to CSOSA; or

(b) Immediately notify the Deputy Director of PSA and forward the demand to the Deputy Director if the demand pertains to PSA.

### § 802.27　Compliance/noncompliance.

The General Counsel is responsible for determining if CSOSA should comply or not comply with the demand, and the Deputy Director of PSA is responsible for determining if PSA should comply with the demand.

(a) An employee may not produce any documents, or provide testimony regarding any information relating to, or based upon Agency documents, or disclose any information or produce materials acquired as part of the performance of that employee's official duties, or because of that employee's official status without prior authorization from the General Counsel or Deputy Director. The reasons for this policy are as follows:

(1) To conserve the time of the agency for conducting official business;

(2) To minimize the possibility of involving the agency in controversial issues that are not related to the agency's mission;

(3) To prevent the possibility that the public will misconstrue variances between personal opinions of agency employees and agency policies;

(4) To avoid spending the time and money of the United States for private purposes;

(5) To preserve the integrity of the administrative process; and

(6) To protect confidential, sensitive information and the deliberative process of the agency.

(b) An attorney from the Office of the General Counsel shall appear with any CSOSA employee upon whom the demand has been made (and with any PSA employee if so requested by the Deputy Director), and shall provide the court or other authority with a copy of the regulations contained in this part. The attorney shall also inform the court or authority that the demand has been or is being referred for prompt consideration by the General Counsel or Deputy Director. The court or other authority will be requested respectfully to stay the demand pending receipt of the requested instructions from the General Counsel or Deputy Director.

(c) If the court or other authority declines to stay the effect of the demand pending receipt of instructions from the General Counsel or Deputy Director, or if the court or other authority rules that the demand must be complied with irrespective of the instructions from the General Counsel or Deputy Director not to produce the material or disclose the information sought, the employee upon whom the demand

**Court Services and Offender Supervision Agency** § 802.28

was made shall respectfully decline to produce the information under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In this case, the Supreme Court held that a government employee could not be held in contempt for following an agency regulation requiring agency approval before producing government information in response to a court order.

(d) To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with:

(1) The Privacy Act, 5 U.S.C. 522a;

(2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 et seq.;

(3) The Victims Rights Act, 42 U.S.C. 10606(b);

(4) D.C. statutes and regulations;

(5) Any other state or federal statute or regulation;

(6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;

(7) Whether disclosure is appropriate under the relevant substantive law concerning privilege;

(8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and

(9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.

## Subpart E—Exemption of Records Systems Under the Privacy Act

### § 802.28 Exemption of the Court Services and Offender Supervision Agency System—limited access.

The Privacy Act permits specific systems of records to be exempt from some of its requirements.

(a)(1) The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d), (e)(1)–(3), (4)(G)–(I), (5) and (8), (f) and (g):

(i) Background Investigation (CSOSA-2).

(ii) Supervision Offender Case File (CSOSA-9).

(iii) Pre-Sentence Investigations (CSOSA-10).

(iv) Supervision & Management Automated Record Tracking (SMART) (CSOSA-11).

(v) Recidivism Tracking Database (CSOSA-12).

(vi) [Reserved].

(vii) Substance Abuse Treatment Database (CSOSA-15).

(viii) Screener (CSOSA-16).

(ix) Sex Offender Registry (CSOSA-18).

(2) Exemptions from the particular subsections are justified for the following reasons:

(i) From subsection (c)(3) because offenders will not be permitted to gain access or to contest contents of these record systems under the provisions of subsection (d) of 5 U.S.C. 552a. Revealing disclosure accountings can compromise legitimate law enforcement activities and CSOSA responsibilities.

(ii) From subsection (c)(4) because exemption from provisions of subsection (d) will make notification of formal disputes inapplicable.

(iii) From subsection (d), (e)(4)(G) through (e)(4)(I), (f) and (g) because exemption from this subsection is essential to protect internal processes by which CSOSA personnel are able to formulate decisions and policies with regard to offenders, to prevent disclosure of information to offenders that would jeopardize legitimate correctional interests of rehabilitation, and to permit receipt of relevant information from other federal agencies, state and local law enforcement agencies, and federal and state probation and judicial offices.

(iv) From subsection (e)(1) because primary collection of information directly from offenders about criminal history or criminal records is highly impractical and inappropriate.

(A) It is not possible in all instances to determine relevancy or necessity of specific information in the early stages of a criminal or other investigation.